FILED
SEP 2 1 2005
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             CRIMINAL ACTION NO. 1:05CR91

THOMAS WILLIAM AKERS, SR.,

    Defendant.

## ORDER/OPINION DENYING GOVERNMENT'S MOTION TO DETAIN

On the 21st day of September 2005, came the United States by Zelda Wesley, its Assistant United States Attorney, and also came the defendant, Thomas William Akers, in person and by his counsel, Brian J. Kornbrath, for hearing on the motion of the United States to detain the defendant pending trial. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of DEA Special Agent Ken Winkie; upon the pretrial services report prepared and submitted to counsel and to the Court by Defendant's Adult Pretrial Services Officer Stacey Claxton; and upon the argument of counsel for Defendant and the Assistant United States Attorney.

### A. Contentions of the Parties

The government contends this case is eligible for detention because it involves a 10 + year drug offense. The government further contends the court should detain Defendant because defendant constitutes a danger to the community, and further asserts the rebuttable presumption as set forth in 18 U.S.C. § 3142(e)(3). There is no contention that Defendant is a flight risk.

The defendant contends that he is not a danger to the community, and also that there are conditions of release which could reasonably assure the safety of any other person and the community.

## B. The Standards

Title 18 § 3142(e) of the United States Code creates a rebuttable presumption that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community if there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. The Fifth Circuit case of *United States v. Hare*, 873 F.2d 796 (1989) discusses defendant's burden with respect to the rebuttable presumption. *Hare* holds that the previously mentioned presumption shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion. *Hare* also holds that the presumption is not a mere bursting bubble that totally disappears from a judge's consideration after defendant comes forward with evidence.

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in *United States v. Williams*, 753 F.2d 329 (4th Cir. 1985). In that case, both defendants had prior felony convictions for distribution of controlled substances and prior

2

convictions of offenses involving dangerous drugs. At the time of arrest, one defendant had two weapons and large amounts of cash and was on parole for prior drug trafficking offenses. The other defendant had a large amount of cash and a beeper. Both defendants were at the top levels of a criminal organization and had been accused of ordering shootings. The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

### C. Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds clear and convincing evidence that:

1) The nature and consequences of the offense are serious; Defendant is charged with a serious drug offense with a 10+ year maximum sentence.

2) The weight of the evidence against Defendant, as presented during the detention hearing, is strong.

3) Defendant's criminal history is old and does not, without more, support a finding that he is a danger to the community.

3

4) Defendant has strong family ties to this area and has the support of family;

5) No firearms were found during a search of Defendant's residence, although ammunition was found.

6) Defendant is significantly disabled by a combination of rheumatoid arthritis, osteoarthritis, primary pulmonary hypertension, and panniculitis.

7) Defendant is prescribed nitroglycerin, Advair, Combivent, OxyContin, Percocet, and Silvadene.

8) Defendant presents a risk of continuing to engage in criminal activity.

9) The offenses with which Defendant is charged occurred at his residence.

Upon consideration of all the testimony, the pre-trial services report, and the arguments of counsel, the Court concludes:

1) Defendant, by relying on the pretrial services report, rebutted the presumption created by 18 U.S.C. § 3142 (e) that there is no condition or combination of conditions which will reasonably assure the safety of the community notwithstanding that there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

2) A serious danger to any person or the community would be posed by Defendant's release, due to the possibility of continued criminal activity.

3) There are stringent conditions which the Court could impose which would reasonably assure the safety of any other person and the community.

It is therefore

ORDERED THAT:

Defendant be released pursuant to the Order Setting Conditions of Release entered this date, as augmented by the following:

1) Defendant shall provide his pre-trial services officer with a medical release sufficient under the current state of the law to permit the pre-trial services officer to receive copies of, review and discuss with Defendant's physician or physician's staff and Defendant's Pharmacist Defendant's medical condition and treatment, including but not limited to prescription medications he is taking and the frequency and dosages of those medications and how often the physician authorizes those prescriptions to be refilled and how often Defendant is having his prescriptions refilled.

2) Defendant shall be limited to one physician and one pharmacist to prescribe and fill prescriptions, if any, written for medications that are considered controlled substances under the law.

3) Defendant shall not take or consume any prescription medication that is a controlled substance or contains a controlled substance more often or in greater dosage than specifically ordered by the prescribing physician in his/her written prescription.

4) Defendant shall not give or sell any prescription medication or portion thereof prescribed for him by any treating medical provider to any other person.

5) Defendant's random drug testing shall be conducted weekly.

6) Defendant's random drug testing shall include laboratory testing of urine and or blood samples received from Defendant to determine levels of controlled substances in Defendant's system with sufficient frequency in order to permit the pre-trial services officer to make informed determinations and reports to the Court to the extent possible relative to the issue of whether Defendant is abusing his prescription medications in violation of #3 hereof.

7) Defendant shall not associate with any person who is an abuser of or seller or dealer in controlled substances as that term is defined by law.

8) Defendant shall report to his pre-trial services officer in the manner required by that officer at least three times per week and on each such occasion shall account to his pretrial services officer relative to the amount of prescription medication (pill count) that he has available (on hand on his person and at his residence ) at that time.

9) Defendant shall not have any medication prescribed for him located at any place other than on his person or within his residence and shall not locate said prescription medication within his residence such that it is not in plain view when his pre-trial services officer would randomly visit and inspect the residence.

10) Defendant shall permit random searches by his pretrial services officer of his residence, its curtilage and any outbuildings thereon and any motor vehicle he drives.

11) Defendant shall provide his pre-trial services officer with such financial disclosures as he/she may require.

12) Defendant's electronic monitoring as required as part of Defendant's home confinement prescribed by paragraph 7 (t) (iii) of the Order Setting Conditions of Release shall:
   a) Be paid for by pre-trial services
   b) Be conducted using a wrist bracelet because Defendant's medical condition precludes the use of an ankle bracelet.

13) Defendant shall provide his physician with a copy of the federal indictment which is now pending against him.

14) Defendant shall account to his pretrial services officer at least weekly for the prescription medications he has obtained; has on hand; and has consumed since the last such accounting.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Thomas W. Akers_
Signature of Defendant

_P.O. Box 717_
Address

_Jane Lew, WV_     _884-8159_
City/State                Telephone

DATED this _21_ day of September, 2005.

_John S. Kaull_
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE